**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM CHAPMAN,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>SACRAMENTO COUNTY DISTRICT ATTORNEY'S OFFICE; ANN MARIE SCHUBERT, District Attorney, Sacramento County,<br><br>Defendants-Appellees. | No.  19-16613<br><br>D.C. No. 2:18-cv-02662-JAM-CKD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 14, 2020**

Before:     CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

California state prisoner William Chapman appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that California

Penal Code § 1405 violates his right to procedural due process.  We have

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Chapman's action because Chapman failed to allege facts sufficient to state a plausible claim. *See Dist. Attorney's Office v. Osborne*, 557 U.S. 52, 69 (2009) (a state's procedures for post-conviction relief can violate procedural due process if they "offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, or transgress[] any recognized principle of fundamental fairness in operation" (citation and internal quotation marks omitted)); *Morrison v. Peterson*, 809 F.3d 1059, 1067-69 (9th Cir. 2015) (rejecting facial challenge to § 1405's "reasonable probability" and "chain of custody" requirements); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

To the extent Chapman alleges errors by the state court during his criminal prosecution or during the adjudication of his post-conviction § 1405 motions, we do not consider those contentions because they are outside the scope of this appeal.

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (setting forth standard of review and

2                                                                        19-16613

explaining that futility is a basis for denying leave to amend).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Chapman's motion for oral argument (Docket Entry No. 6) is denied.

**AFFIRMED.**

19-16613